IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,

  -vs-

NIKOL R. STELLABUTO, CATTARAUGUS
COMMUNITY ACTION, INC., PORTFOLIO
RECOVERY ASSOCIATES LLC, and FEDERAL
HOME LOAN BANK, MIDLAND FUNDING LLC
D/B/A IN NEW YORK AS
MIDLAND FUNDING OF DELAWARE LLC,

                      Defendants.
_____

13-CV-395S

**JUDGMENT OF FORECLOSURE AND SALE**

On the original Summons and duly Verified Complaint and Notice of Pendency of this action, all filed in the office of the Clerk of Court, and upon due proof of service upon each of the defendants in this action, and upon the Affidavit of Gerald N. Murphy, sworn to on the 22nd day of January, 2015, and the Affidavits of Plaintiff sworn to on the 4th day of November, 2014, and the Motion for Judgment of Foreclosure and Sale (Docket No. 17) filed by Plaintiff having been returnable before the Court on March 4, 2015, and the defendant, Nikol R. Stellabuto having failed to appear and Gerald N. Murphy, Esq. having appeared and this Court having issued an Order directing the Defendant, Nikol R. Stellabuto to file a response to the Motion for Judgment of Foreclosure and Sale on or before April 6, 2015, and warning that Defendant's failure to do so could result in the Defendant, Nikol R. Stellabuto, forfeiting her righto to continue to contest foreclosure, and the Defendant, Nikol R. Stellabuto having failed to file a response by April 6, 2015, and by this Court having found that the Plaintiff is in all

respects entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law, now, upon the motion of the United States of America, it is

IT HEREBY IS ORDERED, ADJUDGED, AND DECREED, as follows:

That Plaintiff's Motion for Judgment of Foreclosure and Sale (Docket No. 17) is GRANTED.

That the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 63 Forest Avenue, Salamanca, New York, a leasehold for a parcel of land improved with a single family home, be sold in and as a leasehold for one parcel, as a sale in one leasehold will be most beneficial to the parties and consistent with the terms and conditions of the underlying lease.

That the sale be conducted at public auction at the Lobby of Cattaraugus Courthouse, 303 Court Street, Little Valley, New York 14755, by and under the direction of Charles Salina, United States Marshal for the Western District of New York, who is hereby directed to make the sale of said premises.

The United States Marshal shall give public notice of the time and place of sale as follows:

That he cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

Nikol R. Stellabuto
4884 Route 219, Lot 133
Great Valley, NY  14741

Nikol R. Stellabuto
63 Forest Avenue
Salamanca, NY 14779

Nikol R. Stellabuto
c/o Legal Assistance of WNY, Inc.
103 South Barry Street
Olean, NY  14760

Cattaraugus Community Action, Inc.
25-33 Jefferson Street
Salamanca, NY  14779

Portfolio Recovery Associates LLC
c/o Adam Hughes, Esq.
Malen & Associates P.C.
123 Frost Street
Westbury, NY  11590

Federal Home Loan Bank
101 Park Avenue, 4th Floor
New York, NY  10178

Midland Funding LLC
D/B/A in New York as Midland Funding of Delaware LLC
c/o Cohen & Slamowitz
199 Crossways Park Drive
Woodbury, NY  11797

That he post copies of the Notice of Sale in three (3) conspicuous public places in Cattaraugus County, New York, where the premises are located;

That he cause the Notice to be published once weekly for four consecutive weeks in **The Olean Times Herald**, a newspaper of general circulation published in Cattaraugus County, where the mortgaged premises are located.  The Notice need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 63 Forest Avenue, Salamanca, New York.

That the Notice of Sale to be posted and published shall clearly state that the interest to be foreclosed upon is that of a leasehold interest subject to the rights of the Seneca Nation of Indians and to the payment of annual Indian lease rent under Lease No. CS-00500.

In addition, the Terms of Sale shall clearly state that the interest to be foreclosed upon is that of a leasehold interest subject to the rights of the Seneca Nation of Indians and to the payment of annual Indian lease rent under Lease No. CS-00500 and that the purchaser at the sale shall execute the deed, and by execution thereof, acknowledge their assumption and agreement to comply with the tenants' obligations there under pursuant to the provisions of Section 19.1(2) of the Lease.

The plaintiff or any other party to this action may become a purchaser on such sale.

The United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, his fees and commissions on the said sale not exceeding, however, the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, the sum of $1,030.00, hereby adjudged to constitute plaintiff's costs in this action, with interest thereon from the date hereof, the sum of $3,000.00 for reasonable attorney's fees as supported by the affidavit submitted herewith, hereby awarded to the Plaintiff in addition to costs and also the sum of $41,126.94, with interest thereon from November 4, 2014, the amount owing to the Plaintiff and secured by the mortgage which is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

That in case the plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and acquired by the plaintiff and a valid assignment thereof filed with the United States Marshal, the United States Marshal shall not require the plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and

deliver to plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by the plaintiff, shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the United States Marshal, upon delivery to it of said United States Marshal's deed, the amount of such surplus; and that the United States Marshal then shall make the payments as herein directed.

That the United States Marshal take the receipt of the plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the United States Marshal make his report of such sale and file it with the Clerk of Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to plaintiff, with the expenses of sale, interest, costs, and allowances, as aforesaid, the United States Marshal specify the amount of such deficiency in his Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; provided that the recording of such deed and required transfer paperwork with the Seneca Nation of Indians shall have been completed; and that it is still further

ORDERED, ADJUDGED, AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien, and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

The description of the said premises is attached hereto.

Dated:      May 21, 2015
            Buffalo, New York

                                    s/William M. Skretny
                                 WILLIAM M. SKRETNY
                              Senior United States District Judge

## ABSTRACT TITLE

## FRONTIER ABSTRACT AND RESEARCH SERVICES, INC.

30 West Broad Street, Irving Place, Suite 100, Rochester, NY 14614

ALL THAT TRACT OR PARCEL OF LAND SITUATE in the City of Salamanca, County of Cattaraugus and State of New York and being more particularly described as follows: BEGINNING at a point in the centerline of Forest Avenue, said point being 584 feet westerly from the intersection of the centerline of Forest Avenue and the centerline of Crawford Street; thence south 07° 33' 25" west, a distance of 25.00 feet to an iron pipe found; thence south 07° 33' 25" west on a continuation of the last described course, a distance of 235.14 feet to an iron rebar with cap set; thence north 81° 37' 30" west, a distance of 74.85 feet to an iron rebar with cap set; thence 07° 33' 25" east, a distance of 229.29 feet to an iron rebar with cap set; thence north 07° 33' 25" east on a continuation of the last described course, a distance of 25.00 feet to the centerline of Forest Avenue; thence south 86° 05' 39" east along the centerline of Forest Avenue, a distance of 75.00 feet to the point of beginning containing 0.442 acres of land more or less, according to a survey map prepared by Paul W. Schreckengost, Licensed Land Surveyor, dated September 7, 2000, and designated as Job #00-131.